UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE THOMPSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF WALNUT CREEK, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01221-KAW<br><br>**ORDER GRANTING FEDERAL DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 7 |

　　　　On February 5, 2016, Plaintiffs Leanne Thompson and Margaret Mary Thompson filed a Petition for Writ of Administrative Mandamus in Contra Costa County Superior Court against the City of Walnut Creek, and individuals, arising out of the City's allegedly improper imposition of certain conditions in relation to a building permit issued to remodel Plaintiffs' home. (Compl., Not. of Removal, Dkt. No. 1, Ex. 1.)  Federal Emergency Management Agency ("FEMA") was named as a real party in interest.  On March 11, 2016, FEMA timely removed the lawsuit to federal court.

　　　　On March 18, 2016, FEMA filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Def.'s Mot., Dkt. No. 7 at 1.) Specifically, FEMA argues that Plaintiffs have failed to identify any waiver of sovereign immunity, and have also failed to state any claims against FEMA. *Id.*

　　　　On April 11, 2016, Plaintiffs filed an opposition to the motion to dismiss, in which they acknowledge that, "at this time," no claims are alleged against FEMA. (Pls.' Opp'n, Dkt. No. 28.) Rather, Plaintiffs have "merely identified FEMA as a real party in interest" because they "anticipate that the City will argue that their actions resulted from instructions from FEMA and/or the City's concern of the impact a different decision would have had on their eligibility and/or

participation in FEMA's insurance program." (Pls.' Opp'n at 2.)  Plaintiffs further stated that they have no objection to dismissing FEMA without prejudice if the Court determines that FEMA is not required to be joined as a party under Federal Rule of Civil Procedure 19, and that Plaintiffs' writ can proceed without them. *Id.* at 2-3.

With respect to Plaintiffs' requests, the only issues before the undersigned are whether the Court has subject matter jurisdiction in this matter, and whether the petition fails to state a claim. There is no pending motion for joinder, nor is there a pending motion to dismiss under Rule 12(b)(7) for failure to join a party, so the Court declines to make a determination regarding FEMA's indispensability under Rule 19.

Accordingly, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and finds that the petition does not allege the exhaustion of administrative remedies, thereby divesting the Court of subject matter jurisdiction, nor are any claims asserted against FEMA, and GRANTS Defendant's motion to dismiss under Rule 12(b)(1) and 12(b)(6).  Furthermore, given Plaintiffs' concession that they are not asserting any claims against FEMA at this juncture, the dismissal is without prejudice.

Since the district court lacks subject matter jurisdiction, the case is REMANDED to state court for further proceedings.

IT IS SO ORDERED.

Dated: May 2, 2016

KANDIS A. WESTMORE
United States Magistrate Judge